UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                      Plaintiff,

– *against* –

LISA RAMOS,

                      Defendant.

**ORDER**

10-cr-00198 (ER)

Ramos, D.J.:

      Defendant Lisa Ramos was sentenced in August 2010 after pleading guilty to one count of theft of government funds. Doc. 15. Judge Scheindlin ordered restitution in the amount of $39,456, to be paid at the rate of 15% of Ramos's gross monthly earnings. *Id.*

      Ramos has filed a letter requesting "a Restitution Hearing so the Court can review my ability to pay the requested amount." Doc. 17. Ramos states that she takes full responsibility for her offense and wants to pay off her debt. *Id.* She asks the Court to consider modifying the monthly payment rate due to the hardship it will cause her. *Id.*

      The government submitted a response to the Court and Ramos by email.[1] According to the government, it has requested certain information from Ramos regarding her claims of hardship, including an updated financial statement. The government asserts that the Court should deny Ramos's application without prejudice because she has not yet provided appropriate supporting documentation to demonstrate any material change in her financial circumstances. Ramos sent an email to the Court and the government in response to the government's letter.

---

[1] The government requested permission to file its letter under seal because it includes personal details about Ramos's finances. That application is granted. The government should redact those personal details from its letter and then file the redacted letter on the docket.

"A court may adjust a restitution payment schedule—as opposed to the restitution amount—based on 'any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution.'" *United States v. Rodriguez*, No. 01 Cr. 497 (RMB), 2022 WL 16849075, at *2 (S.D.N.Y. Nov. 10, 2022) (citation omitted); *see* 18 U.S.C. § 3664(k). "A change of the sort contemplated by the statute is identified by an objective comparison of a defendant's financial condition before and after a sentence is imposed." *United States v. Gorrick*, No. 08 Cr. 1000 (ER), 2023 WL 3741979, at *1 (S.D.N.Y. May 30, 2023) (quoting *United States v. Grant*, 235 F.3d 95, 100 (2d Cir. 2000)). "Where the defendant fails to demonstrate, with the appropriate supporting documentation, a material change in financial circumstances since the time of sentencing, the court will not modify the current payment schedule." *Id.*

At this point, the Court agrees with the government that Ramos has not demonstrated a material change in her financial circumstances since the time of sentencing. Her application is therefore denied without prejudice, meaning that she may refile the motion in the future. Ramos should first provide the government with the requested updated financial statement and appropriate supporting documentation. Once she has done so, she may renew her request for a modification of the payment schedule. Ramos may also submit evidence of hardship or changed financial circumstances to the Court for consideration. To the extent any supporting documents include sensitive personal financial information, Ramos may submit those documents to the Court by email rather than filing them on the public docket.

The Clerk of Court is respectfully directed to mail a copy of this order to Ramos.

SO ORDERED.

Dated: September 4, 2024
        New York, New York

                                                Edgardo Ramos, U.S.D.J.